UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

EUGENE LANE,                                )
                                            )
       **Plaintiff,**                             )
                                            )  Civil Action No. 5:19-00135
v.                                          )
                                            )
GREG BISHOP,                                )
**Assistant Prosecutor Wyoming County,**    )
                                            )
       **Defendant.**                             )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on February 26, 2019. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On February 26, 2019, Plaintiff, acting *pro se* and a pretrial detainee in confinement at Southern Regional Jail in Beaver, West Virginia, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 1.) Plaintiff names Greg Bishop, Assistant Prosecutor for Wyoming County, as the sole Defendant. (Id.) Plaintiff alleges that Assistant Prosecutor Bishop is subjecting him to malicious prosecution "because [Bishop] is an ex-state trooper and he has had run-ins with [Plaintiff's] older brothers." (Id.) Plaintiff claims that

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

Assistant Prosecutor Bishop is using "my name against me without giving me a fair prosecution." (Id.) Plaintiff states that he "went to court on 2-20-19, and he is trying to give me a plea of the max that the charges carry and also trying to turn fines into jailable offenses after I agreed to pay the fines on the 20th." (Id.) As relief, Plaintiff requests that the State court be required to give Plaintiff "a fair prosecution like everyone else that has got the similar charges." (Id.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se*

plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aid Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

3

1.      **<u>Prosecutorial Immunity</u>:**

To the extent Plaintiff is asserting a claim against Assistant Prosecutor Bishop, the undersigned finds such a claim to be without merit. Prosecutors have absolute immunity for activities performed as "an officer of the court" if the conduct at issue is closely associated with the judicial phase of the criminal process. <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335, 341 - 343, 129 S.Ct. 855, 860 - 862, 172 L.Ed.2d 706 (2009). In determining whether a prosecutor is entitled to absolute immunity, the Court must apply the "functional approach" examining the nature of the function performed. <u>Id.</u>, 555 U.S. at 342, 129 S.Ct. at 861. It is well established that prosecutors are absolutely immune "for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" <u>Burns v. Reed</u>, 500 U.S. 478, 486, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991) (quoting <u>Imbler</u>, 424 U.S. at 430 - 431, 96 S.Ct. at 995). Further, absolute immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993)(quoting <u>Imbler</u>, 424 U.S. at 431, 96 S.Ct. at 995 - 996)). A prosecutor acts as an advocate or "officer of the court" when performing tasks, such as (1) initiating a judicial proceeding, (2) presenting evidence in support of a search warrant application, (3) conducting a criminal trial, bond hearing, grand jury proceeding or pre-trial hearing, (4) engaging in "an out-of-court effort to control the presentation of [a] witness' testimony," and (5) making a "professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before the grand jury after a decision to seek an indictment has been made." <u>Buckley</u>, 509 U.S. at 272, 113 S.Ct. at 2615(quoting <u>Imbler</u>, 424 U.S. at 431, 96 S.Ct. at 995 - 996); <u>Van de Kamp</u>,

555 U.S. at 434, 129 S.Ct. at 861; Dababnah v. Keller-Burnside, 208 F.3d 467, 471 - 472 (4th Cir. 2000)(stating that "numerous courts have found prosecutors absolutely immune when undertaking [extradition proceedings].")

Furthermore, a prosecutor is entitled to absolute immunity even if he or she "acted with an improper state of mind or improper motive." Shmueli v. City of New York, 424 F.3d 231, 237 (2nd Cir. 2005); also see Smith v. McCarthy, 349 Fed.Appx. 851, 859 (4th Cir. 2009), cert. denied, 562 U.S. 829, 131 S.Ct. 81, 178 L.Ed.2d 26 (2010); Brown v. Daniel, 230 F.3d 1351 (4th Cir. 2000)("[T]o the extent [plaintiff] alleges that the prosecutors engaged in misconduct during the prosecution of this case . . ., the prosecutors are absolutely immune."). Thus, prosecutors are entitled to absolute immunity for withholding materially exculpatory evidence, and knowingly presenting perjured testimony or false or misleading evidence to the Court or grand jury. Burns, 500 U.S. at 490-92, 111 S.Ct., at 1941-42("A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable-cause hearing . . .."); Imbler, 424 U.S. at 422, 96 S.Ct. 984 at 991(citing Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927))(finding prosecutor entitled to absolute immunity for allegations that he "maliciously and without probable cause procured plaintiff's grand jury indictment by the willful introduction of false and misleading evidence."); also see Brown v. Daniel, 230 F.3d at 1352; Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996); Carter v. Burch, 34 F.3d 257, 263 (4th Cir. 1994), cert. denied, 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed2d 1068 (1995). Although prosecutors may be entitled to absolute immunity, prosecutors are subject to criminal and professional sanctions for prosecutorial abuses. Imbler, 424 U.S. at 429, 96 S.Ct. at 994; Malley v. Briggs, 475 U.S. 335, 343, n. 5, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). It is well recognized

that "[a]bsolute prosecutorial immunity 'is not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" Dababnah, 208 F.3d at 471(quoting Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997)). The Imbler Court determined the importance of protecting the integrity of the prosecutor's office and the judicial system outweighs the desire to afford civil redress to a wronged defendant. Imber, 424 U.S. at 427 - 429, 96 S.Ct. at 993 - 994.

A prosecutor, however, is not entitled to absolute immunity for "investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273, 113 S.Ct. at 2615(citing Burns, 500 U.S. at 491, 11 S.Ct. at 1941-42). Thus, a prosecutor is only entitled to qualified immunity for administrative actions or investigative functions not related to trial preparation, such as holding a press conference, engaging in investigative activity prior to the establishment of probable cause to arrest, providing police officers with legal advice during the investigative phase, or acting as a complaining witness in support of a warrant application. Id.; also see Van de Kamp, 555 U.S. at 342 - 343, 129 S.Ct. at 861. The Supreme Court has explained as follows:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is "neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. Thus, if a prosecutor plans and executes a raid on a suspected weapons cache, he "has no greater claim to complete immunity than activities of police officers allegedly acting under his direction."

Buckley, 509 U.S. at 273, 113 S.Ct. at 2616(internal citations omitted). Thus, a prosecutor does

not have absolute immunity for a claim that he or she fabricated evidence during the preliminary investigation of an unsolved crime. Id., 509 U.S. at 275, 113 S.Ct. at 2616 - 2617.

In the instant case, Plaintiff alleges that Assistant Prosecutor Bishop improperly initiated criminal proceedings against Plaintiff based on bias due to Plaintiff's last name. Plaintiff further complains that Assistant Prosecutor Bishop is failing to offer him a "fair" plea deal. As stated above, prosecutors are entitled to absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." See Imbler, 424 U.S. at 430, 96 S.Ct. at 995. It is well established that prosecutors are absolute immunity for initiating a prosecution. See Id. Thus, Assistant Prosecutor Bishop is entitled to absolute immunity for initiating criminal proceedings against Plaintiff. Next, the Court further finds that Assistant Prosecutor Bishop's involvement with the plea agreement negotiations is conduct intimately associated with the judicial phase of the criminal process. See Taylor v. Kavanagh, 640 F.2d 450, 453 (2nd Cir. 1981)("prosecutor's activities in the plea bargaining context merit the protection of absolute immunity"); Laureano v. Jones, 2011 WL 5282601, * 2 (D.S.C. Nov. 2, 2011)(finding prosecutor was entitled to absolute immunity concerning plaintiff's allegations that the prosecutor engaged in misconduct and conspired to coerce plaintiff to enter a guilty plea), aff'd, 467 Fed.Appx. 233 (4th Cir. 2012); Powell v. United States, 2012 WL 5395814, * 2 (E.D.N.C. Nov. 5, 2012)(finding prosecutor was entitled to absolute immunity concerning plaintiff's claim that the prosecutor breached his plea agreement and "concealed facts which led [him] to enter his plea of guilty under the mistaken impression of a material fact"); Story v. Kopko, 2010 WL 430831, *3 (D.S.C. Feb. 5, 2010)(finding prosecutor was entitled to prosecutorial immunity concerning plaintiff's claim that the prosecutor breached his plea agreement); Short v. Doe, 2007 WL 4993308, *4

(D.Md. June 25, 2007)("the alleged conduct, breach of a plea agreement, is 'intimately associated with the judicial phase of the criminal process" and the named prosecutors are thus entitled to absolute prosecutorial immunity."). To the extent Plaintiff is asserting a claim against Assistant Prosecutor Bishop, undersigned recommends that Plaintiff's claim be dismissed as Assistant Prosecutor Bishop is entitled to absolute immune from suit under Section 1983.

**2.     Challenge to State Criminal Charges:**

Plaintiff, a pretrial detainee, alleges that Assistant Prosecutor Bishop is violating his constitutional rights by prosecuting[2] him based upon bias against Plaintiff's last name. Plaintiff contends that he is being offered an unfair plea deal and the prosecutor is trying to turn offenses with a "fine into a jailable offenses." As relief, Plaintiff requests that the Court require the State court to provide him with "a fair prosecution like everyone else that has got the similar charge."

---

[2] To the extent Plaintiff is asserting a claim of malicious prosecution, the undersigned finds that he has failed to state a claim. The Fourth Circuit has stated that "there is no such thing as a § 1983 malicious prosecution claim" because Section 1983 "is not itself a source of substantive rights..." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000), *cert. denied*, 531 U.S. 1130, 121 S.Ct. 889, 148 L.Ed.2d 797 (2001); *Baker v. McCollan*, 443 U.S. 137, 144, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). In the context of a claim for malicious prosecution, the Fourth Circuit recognizes that an appropriate Section 1983 claim is "a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Lambert*, 223 F.3d at 262 (*citing Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)). Furthermore, the United States Supreme Court recently recognized an individual's Fourth Amendment right to be free from unreasonable seizure continues beyond legal process so as to allow a malicious prosecution claim based upon the Fourth Amendment. *Manuel v. City of Joliet*, ___ U.S. ___, 137 S.Ct. 911, 197 L.Ed.2d 312 (2017). To state a Section 1983 malicious prosecution claim for a seizure in violation of the Fourth Amendment, the defendant must have "seized plaintiff pursuant to legal process that was not supported by probable cause and the criminal proceeding [must] have terminated in plaintiff's favor." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)(*citing Brooks*, 85 F.3d at 183-85)). It is well recognized that one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *See Wallace v. Kato*, 549 U.S. 384, 390, n .2, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)(*citing, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)). In the instant case, Plaintiff has not alleged the element that State court criminal proceedings have been resolved in her favor. Thus, any claim of malicious prosecution would be premature at this time.

It is clear that Plaintiff is requesting that this Court intervene in his ongoing criminal proceedings in State Court. The undersigned finds that the Court should abstain from interfering with pending State charges. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). "Under the *Younger*-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-38, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The Fourth Circuit has recognized that "*Younger* abstention is appropriate only in those cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interest, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." Employers Resource Management Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995), cert. denied, 516 U.S. 1094, 1167 S.Ct. 816, 133 L.Ed.2d 761 (1996). A court should disregard *Younger's* mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006)(internal quotations omitted). To prevail under the bad faith exception, petitioner must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The undersigned finds that the *Younger* abstention doctrine applies in the instant case. First, Plaintiff is clearly involved in ongoing State criminal proceedings. Second, a pending State criminal proceeding clearly involves an important State interest. The State of West Virginia has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. See <u>Kelly v. Robinsion</u>, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") Third, the matters in controversy are on-going and Plaintiff will have an adequate opportunity to present his claims in the state court proceedings. See <u>Gilliam v. Foster</u>, 75 F.3d 881, 904 (4th Cir. 1996)(Generally, "a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). "[T]he key question is whether the state allows [the defendant] to raise [his] objections, not whether the state agrees with those objections." <u>Nivens</u>, 444 F.3d at 243. Finally, Plaintiff has failed to allege sufficient facts to establish the applicability of the bad faith exception. Specifically, there is no indication that Plaintiff is being prosecuted "without a reasonable expectation of obtaining a valid conviction." In fact, Plaintiff admits he agreed to pay fines to the offenses. Thus, the foregoing does not indicate that prosecution was brought without a reasonable expectation of obtaining a valid conviction. Accordingly, the undersigned recommends that this Court abstain from hearing the above claim.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's

Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 14, 2019.

Omar J. Aboulhosn
United States Magistrate Judge